UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Holly G.,[1]

               Plaintiff,

v.

Kilolo Kijakazi,
Acting Commissioner of Social Security,

               Defendant.

Case No. 20-cv-2279 (ECT/LIB)

**Report and Recommendation**

    This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and upon Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. [Docket No. 39]. Pursuant to the Local Rules governing motions filed in Social Security cases in this District, the Court took Plaintiff's Motion under advisement on the written submissions of the parties. (Order [Docket No. 42]). Through the present Motion, Plaintiff seeks attorney's fees in the amount of $10,784.40.[2]

    For the reasons set forth herein, the undersigned recommends that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, [Docket No. 39], be **GRANTED in part and DENIED in part**.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Accordingly, where the Court refers to Plaintiff, only her first name and last initial will be provided here.

[2] Although Plaintiff acknowledges that her counsel's itemization of time includes minor clerical errors which would result in an award of attorney's fees less than Plaintiff initially requested, see, fn. 5, Plaintiff did not actual reduce the amount of her requested award of attorney's fees in accordance with the acknowledged clerical errors.

I.      **Background**

Plaintiff initiated this action on November 4, 2020, by filing her Complaint. [Docket No. 1]. Through this action, Plaintiff sought to appeal the Commissioner's decision (through the Administrative Law Judge "ALJ") denying Plaintiff's request for disability benefits. (Id.).

Pursuant to the Local Rules governing social security cases in this District, Plaintiff filed her Motion for Summary Judgment on August 16, 2021. [Docket No. 25]. Plaintiff also filed a memorandum in support of her Motion for Summary Judgment.

After receiving an extension of time, Defendant's cross-motion for summary judgment was due October 14, 2021. (Order [Docket No. 31]). Defendant did not, however, file a cross-motion for summary judgment. Instead, Defendant filed an unopposed Motion for Remand, [Docket No. 32], seeking an Order of this Court "reversing and remanding this case for additional proceedings . . . pursuant to sentence four of 42 U.S.C. § 405(g)" of the Social Security Act. (Mot. [Docket No. 32]).

On October 14, 2021, this Court issued an Order granting Defendant's unopposed Motion for Remand. (Order [Docket No. 35]). Pursuant to the Court's October 14, 2021, Order, the present case was remanded to the Commissioner of Social Security for further administrative action, pursuant to sentence four of 42 U.S.C. § 405(g).[3]

II.     **Standard of Review**

Under the Equal Access to Justice Act ("EAJA"), District Courts have the authority to award attorney fees and costs to a prevailing plaintiff in an appeal from a denial of disability benefits by the Commissioner. The EAJA provides in relevant part:

---

[3] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "A plaintiff is also entitled to the reasonable fees incurred in preparing the EAJA petition itself." Chelsea I.B. v. Saul, No. 18-cv-2874 (ECT/ECW), 2020 WL 4808797, at *2 (D. Minn. July 29, 2020) (citing Commissioner, INS v. Jean, 496 U.S. 154, 162–163 (1990)), report and recommendation adopted, 2020 WL 4805046 (D. Minn. Aug. 18, 2020).

A plaintiff bears the burden of establishing that she was a "prevailing party" under the EAJA. Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989). If a plaintiff establishes that she is a prevailing party, the burden then shifts to the Government to prove that it was substantially justified in asserting its position. Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008).

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). The Government must show that its "position was substantially justified at both the administrative and litigation levels." Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988).

## III.    Discussion

As noted above, the plaintiff bears the burden of establishing that she was the "prevailing party" under the EAJA. Huett, 873 F.2d at 1155. A "sentence four" remand necessarily renders a plaintiff the "prevailing party" under the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300–01 (1993). In the present case, the record before the Court unequivocally demonstrates that Plaintiff

is a prevailing party under the EAJA. Accordingly, for the purposes of the present matter before the Court, the burden shifts to the Defendant to show that her position was substantially justified.

Defendant does not, however, contend that her position was substantially justified or that an award of attorney's fees is otherwise unjust. (See, Def.'s Response to Plf.'s Mot. [Docket No. 43]). Therefore, the Court concludes that Defendant has not carried her burden of showing that her position on review of the ALJ's decision was substantially justified.

Accordingly, Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that Plaintiff is entitled to an award of attorney's fees, the Court turns to the sufficiency of the evidence supporting Plaintiff's request for $10,784.40 in attorney's fees.

**A. Number of Hours**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In determining the number of hours reasonably expended on litigation, the Court reviews an "itemized application for excessive, redundant, or otherwise unnecessary hours, i.e., hours that would be unreasonable to bill to a claimant." Knudsen v. Barnhart, 360 F. Supp. 2d 963, 976 (N.D. Iowa 2004).

In support of the amount Plaintiff requested for the award of attorney's fees, Plaintiff's counsel, Karl Osterhout, submitted an itemized list of the time describing how each increment of time was spent in representing Plaintiff's interest in the present case.[4] Mr. Osterhout asserts that he cumulatively spent a total of 47.6 hours representing Plaintiff's interest in the present case,

---

[4] Although Plaintiff's Itemization of Time, [Docket No. 40-1], is not contained in a sworn affidavit, the Defendant does not object to its use.

4

and Plaintiff's local counsel, Edward Olson, expended a total of 2.6 hours representing Plaintiff's interest in the present case. (Itemization [Docket No. 40-1]).[5]

Defendant argues that the number of hours for which Plaintiff seeks attorney's fees is unreasonable. (Def.'s Mem. [Docket No. 43]). Specifically, Defendant contends that the number of hours for which Plaintiff may be compensated should be reduced to 33 hours. (Id. at 8). In support of this contention, Defendant asserts the following rationales: Plaintiff's memorandum addressed only a one "common" issue which is routinely found in Social Security Disability cases; Plaintiff's counsel, in other cases, routinely bills approximately "20 hours for the routine task of reviewing the file regardless of the size of the transcript"; no reply memorandum was necessary because Defendant requested remand; and Plaintiff should not be compensated for time expended prior to the filing of the Complaint in this action. (Id. at 4–6). Defendant also takes issue with the reasonableness of the hours expended by Plaintiff's local counsel, Edward Olson. (Id. at 7–8). For the reasons discussed below, the Court finds these arguments to be unpersuasive.

The Court finds unpersuasive Defendant's arguments regarding the number of hours Plaintiff's counsel expended research and drafting Plaintiff's motion for summary judgment and supporting memorandum. Contrary to Defendant's assertions, the record presently before the Court does not suggest that Plaintiff's counsel spent an unreasonable amount of time managing

---

[5] At the end of his listed itemization of time, Mr. Olson asserts a "[t]otal [t]ime" of 4.0 hours; but this appears to be a clerical error. Adding together each of the increments of time listed by Mr. Olson results in a total of 3.8 hours. This mathematical error is not, however, the only clerical error on Mr. Olson's itemized list. As acknowledged in Plaintiff's Reply, Mr. Olson's itemization of time contains entries for circumstances which did not arise in the present case. For example, the time itemization provides that on February 24, 2021, Mr. Olson expended 0.1 hours reviewing an Order staying the present action and 0.1 hours reviewing a notice of summons issued. There was not, however, any stay of the present case, and the summons in the present case had already been returned prior to February 24, 2021. Mr. Olson's itemization of time also incorrectly asserts that on September 1, 2020, Mr. Olson expended 1 hour reviewing Defendant's motion for summary judgment and corresponding memorandum. However, Defendant did not file any motion for summary judgment in the present case. The correction of these acknowledged clerical errors results in an assertion of 2.6 hours having been expended by Mr. Olson.

the present case, conducting research into the facts and issues raised, or drafting and revising Plaintiff's Motion for Summary Judgment and supporting documents in the present case. "A lawyer should be commended, not criticized, because [he] seeks to improve [his] work product by making revisions to [his] initial draft. This is an essential element of a lawyer's craft." Fishbaugher v. Astrue, No. 11-cv-1252 (MJD/JJK), 2012 WL 4711585, at *3 (D. Minn. Oct. 3, 2012) (quoting Kromer v. Astrue, No. 8-cv-5181 (PAM/AJB), 2009 WL 3152039, at *3 n. 6 (D. Minn. Sept. 24, 2009)).

The Court also finds unpersuasive Defendant's assertion that the number of hours for which Plaintiff's counsel may be compensated should be reduced because in other cases, Plaintiff's counsel, Mr. Osterhout, "routinely attempted to bill upwards of 20 hours for the routine task of reviewing the file regardless of the size of the transcript." (Def.'s Mem. [Docket No. 43] at 4). The number of hours Plaintiff's counsel billed in another case representing the interest of an unrelated plaintiff has little, if any, relevancy to the number of hours Plaintiff's counsel may reasonable expended representing Plaintiff's interest in the present case.

Likewise, Defendant's reliance on Myra v. Berryhill, No. 18-cv-792, 2019 WL 5079983, at *1 (D. Minn. Oct. 10, 2019), is misplaced and unpersuasive. In Myra, Mr. Osterhout requested compensation for 20.4 hours for review of the 471-page administrative record. Id. The Myra Court reduced the requested number of hours by five hours noting that the administrative record was "relatively short[.]" Id. Here again, this has little, if any, bearing on the present case in which the administrative record exceeds 2,200 pages.[6]

---

[6] The Court finds equally unpersuasive Defendant's reliance on Tuttle v. Berryhill, where the Court reduce from 22.4 to 16.8 the number of hours for which plaintiff's counsel could be compensated in relation to reviewing a 532-page administrative record, identifying issues, and conducting legal research. Tuttle v. Berryhill, No. 18-cv-267 (HB), Order [Docket No. 30] at 3–4 (D. Minn. July 17, 2019).

In the present case, Plaintiff seeks attorney's fees for 26.7 hours for the review of the administrative record, issue identification, and legal research. The Court cannot say that 26.7 hours is an unreasonable number of hours for which to request compensation related to the review of an administrative record exceeding 2,200 pages; issue identification in said record; and corresponding legal research. Social Security cases by their very nature require extensive review of the administrative record.

Defendant also argues that the number of hours for which Plaintiff's counsel may reasonably be reimbursed should be reduced because there are only "common issues" in the present case. (Def.'s Mem. [Docket No. 43] at 4). The Court finds this argument to be unpersuasive. As other Courts in this District have observed, "[e]ven where the issues in a Social Security appeal 'are frequently litigated issues, their prevalence does not necessarily mean that the time Plaintiff's counsel spent briefing them in this case was excessive.'" Vicky K. v. Saul, No. 19-cv-1502 (ECW), 2021 WL 2472820, at *4 (D. Minn. June 17, 2021) (quoting Cheryl J. v. Saul, No. 18-cv-1292 (TNL), 2020 WL 2554623, at *3 (D. Minn. May 20, 2020); Dianna L.B. v. Saul, No. 19-cv-2561 (TNL), 2021 WL 733995, at *2 (D. Minn. Feb. 25, 2021)).

Likewise, the Court finds unpersuasive Defendant's argument that the two hours Plaintiff's counsel spent reviewing the Appeals Council's decision and conferring with Plaintiff before the Complaint in the present case was filed should be considered non-compensable work performed at the administrative level. First, Defendant fails to articulate why work done in anticipation of filing a complaint in this Court should be considered work performed at the administrative level. Second, the Court finds unpersuasive Defendant assertion that Melkonyan v. Sullivan, 501 U.S. 89 (1991), and Cornella v. Schweiker, 728 F.2d 978 (8th Cir. 1984), cases stand for the proposition that the review of the Appeals Council's decision—performed before

the initiation of the present litigation—should be considered part of the administrative proceeding.

The work discussed in <u>Melkonyan</u> and <u>Cornella</u> is distinguishable from the pre-complaint work at issue here. In <u>Melkonyan</u> and <u>Cornella</u>, the attorney's work at issue was performed during the administrative proceedings, not in preparation for the filing of a civil action. <u>See</u>, <u>Melkonyan</u>, 501 U.S. at 94, 97; <u>Cornella</u>, 728 F.2d at 988–89; <u>see</u>, <u>also</u>, <u>Kelly v. Bowen</u>, 862 F.2d 1333, 1336 (8th Cir. 1988) ("[W]e reaffirm <u>Cornella v. Schweiker</u> and hold that, under the EAJA  . . ., a Social Security claimant cannot recover attorney's fees for work performed <u>in administrative proceedings</u> after remand.") (emphasis added). While <u>Melkonyan</u> and <u>Cornella</u> do each acknowledge the general caselaw holding that work performed during administrative proceedings is not compensable under the EAJA, neither <u>Melkonyan</u> nor <u>Cornella</u> stands for the proposition that, or even suggests that, <u>all</u> work performed before the filing of a complaint in federal court is considered work performed at the administrative level.

In the present case, Plaintiff's counsel spent only two hours reviewing the Appeals Counsel's decision, reviewing the file, and conferencing with Plaintiff about whether and to file the Complaint in the present case. Both parties also acknowledge that Plaintiff's counsel did not become involved in the present case until <u>after</u> all administrative proceedings had in fact concluded. "Courts have . . . awarded compensation under the EAJA for time spent by counsel to familiarize themselves with the underlying administrative proceedings before filing in federal court." <u>Cheryl J. v. Saul</u>, No. 18-cv-1292 (TNL), 2020 WL 2554623, at *2 (D. Minn. May 20, 2020) (collecting cases).

The Court finds that spending two hours performing such post-administrative and pre-complaint filing actions is permissible under established caselaw and reasonable in preparation

for and anticipation of litigation in this federal court. See, e.g., Cheryl J. v. Saul, No. 18-cv-1292 (TNL), 2020 WL 2554623, at *2 (D. Minn. May 20, 2020); Evans v. Berryhill, 298 F. Supp. 3d 1210, 1213 (D. Minn. 2018); Jones v. Colvin, 2:14-cv-2088 (PKH/MEF), 2015 WL 5330885, at *3 (W.D. Ark. Aug. 17, 2015) (finding attorney entitled to be compensated for two hours expended before the initiation of the action in federal court because "[a]n attorney is expected to be familiar with her case prior to filing a complaint in federal court . . . [and] [a]t the very least, this will require her to review notes from the administrative proceeding"), report and recommendation adopted, 2015 WL 5305230 (W.D. Ark. Sept. 10, 2015).

Moreover, it should be noted that other Courts have approved the expenditure of a similar, and even greater, number of hours of attorney work in the handling of a social security disability case. See, e.g., Vaughn v. Heckler, 860 F.2d 295, 296 (8th Cir. 1988) (awarding successful social security claimant an award of attorney's fees for 77 hours of work); Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994) (finding that, in "a straightforward social security disability case that did not involve particularly difficult or complex issues," 46.05 attorney hours reasonably and adequately accounted for the attorney's court-related services in addition to 51.8 paralegal hours); Vossen v. Astrue, No. 7-cv-1567 (PAM/LIB), [Docket No. 58], at 7 (D. Minn. Mar. 15, 2011) (recommending that Plaintiff receive reimbursement for the full 88.75 hours in a case involving an administrative record of approximately 400 pages), report and recommendation adopted, 2011 WL 1322099 (D. Minn. Apr. 7, 2011); Evans v. Berryhill, 298 F. Supp. 3d 1210, 1212 (D. Minn. 2018) (finding 95 hours of work to be neither excessive or unreasonable); Gaul v. Colvin, No. 13-cv-163 (JNE/FLN), 2014 WL 4096972, at *2 (D. Minn. Aug. 19, 2014) (awarding—over Defendant's objection—compensation for 75.2 hours in a "straightforward" social security case involving an administrative record of less than 500 pages

without "any novel legal issues"); Fishbaugher v. Astrue, No. 11-cv-1252 (MJD/JJK), 2012 WL 4711585, at *3 (D. Minn. Oct. 3, 2012) (holding that 47.9 hours of legal representation was reasonable in a case involving a 700-page administrative record); Stoops v. Astrue, 2009 WL 2382543, at *4 (D. Minn. July 10, 2009) (finding 50 hours in attorney fees reasonable).

Defendant also argues that the number of hours for which Plaintiff may seeks attorney's fees related to Mr. Olson should be reduced to one hour. (Def.'s Mem. [Docket No. 43] at 7–8). Specifically, Defendant asserts that although "it is reasonable for Mr. Olson to familiarize himself with the case when he appears as local counsel, it is not clear why he should be allowed to bill even" 2.6 hours "for reviewing the usual documents filed in almost every disability case." (Id.). The Court finds this argument to likewise be unpersuasive. Defendant's argument here is based on a misunderstanding of the Local Rules for the District of Minnesota.

Pursuant to Local Rule 83.5(d)(2), a nonresident attorney, such as Mr. Osterhout, "must associate with an active member of [this] court's bar, in good standing," like Mr. Olson, "who must . . . participate in the preparation and presentation of the case" and "accept service of all papers . . . ." LR 83.5(d)(2). The participation of Plaintiff's local counsel, Mr. Olson, in this case was required under this Court's Local Rules, and "the minimal time requested is consistent with those obligations." Jean P.R.E. v. Berryhill, No. 17-cv-1988 (TNL), 2019 WL 2151691, at *4 (D. Minn. May 17, 2019). The Court finds reasonable Mr. Olson's expenditure of 2.6 hours in the completion of his duties as local counsel. See, e.g., Jean P.R.E. v. Berryhill, No. 17-cv-1988 (TNL), 2019 WL 2151691, at *4 (D. Minn. May 17, 2019); Daniel C. v. Saul, No. 18-cv-2695 (TNL), 2020 WL 2731108, at *3 (D. Minn. May 26, 2020); Cheryl J. v. Saul, No. 18-cv-1292 (TNL), 2020 WL 2554623, at *3 (D. Minn. May 20, 2020); Vicky K. v. Saul, No. 19-cv-1502

(ECW), 2021 WL 2472820, at *5 (D. Minn. June 17, 2021); Waskosky v. Berryhill, No. 16-cv-3882 (KMM), 2018 WL 2980395, at *2 (D. Minn. June 14, 2018).

Upon its independent review, after adjustment for clerical errors, the Court concludes that the 50.2 hours expended by Plaintiff's counsel in the present case are reasonable as supported by the description of the activities identified in the itemization provided in support of the fee petition. See, e.g., Stockton, 36 F.3d at 50.

Accordingly, the reasonable number of hours for which Plaintiff may seek attorney's fees under the EAJA is 50.2 hours.

**B. Hourly Rate**

The EAJA allows for calculating the hourly rate for an award of attorney's fees under the statute by reference to prevailing market rates, but it expressly sets forth that awards of attorney's fees under the EAJA may not exceed the rate of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In the present Motion for fees, Plaintiff requests that her award for attorney's fees be calculated at an hourly rate of $209.00 per hour. (See, Plf.'s Mot. [Docket No. 39]). Defendant does not object to this hourly rate. (See, Def.'s Mem. [Docket No. 43] at 9).

In support of this increase in hourly rate over the statutory rate of $125.00 an hour, Plaintiff asserts that the rise of the Consumer Price Index since the setting of the statutory rate when applied to said statutory rate would result in an hourly rate of $209.00 per hour. (Plf.'s Mot. [Docket No. 39] at 2–3).

In accord with the EAJA, the Eighth Circuit has held that "proper proof" of an increase in the cost of living "sufficient to justify hourly attorney's fees of more than" the statutorily

established amount can be demonstrated by reliance upon the consumer price index. Johnson v. Sullivan, 919 F.2d 503 (8th Cir.1990). Even where such proof is provided, however, the decision to increase the hourly rate to account for cost of living increases is not automatic and remains at the discretion of the district court. Clements v. Astrue, No. 8-cv-4078, 2009 WL 4508480, at *3 (W.D. Ark. Dec. 1, 2009) (citing McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989)).

According to public data from the United States Department of Labor, the Consumer Price Index in March of 1996—when the statutory attorney's fee rate was established—was 155.7, and the Consumer Price Index had risen to 281.148 as of the time when the present Motion was filed. Applying this increase in the Consumer Price Index to the $125.00 statutory rate gives an hourly rate of approximately $225.71.

The Court finds that, given the increase in the Consumer Price Index and Defendant's lack of opposition, Plaintiff's requested hourly rate of $209.00 is reasonable. See, e.g., Bryan A. v. Berryhill, No. 17-cv-5494 (LIB), Order [Docket No. 28] (D. Minn. Oct. 15, 2019) (finding that a rate of $204.08 was reasonable in seeking fees pursuant to the EAJA in a fee petition filed in April 2019, based on the rise in the Consumer Price Index); Ibrahim v. Barr, No. 18-cv-1883 (PAM/BRT), 2019 WL 1487850, at *3 (D. Minn. Apr. 4, 2019) (finding that a rate of $202 was reasonable in seeking fees pursuant to the EAJA in a case filed in 2018); Evans v. Berryhill, 298 F. Supp. 3d 1210, 1212 (D. Minn. 2018) (finding that a rate of $195 was reasonable pursuant to the Consumer Price Index in a case filed in 2016); Aden v. Colvin, No. 12-cv-1781 (PAM/JJG), 2014 WL 2818662, at *3 (D. Minn. June 18, 2014) (finding that a rate of $185 was reasonable in a case filed in 2012 based on the increase in the cost of living since the statutory rare was established); Thielke v. Colvin, No. 11-cv-3538 (SRN/LIB), 2013 WL 4501472, at *4 (D. Minn. Aug. 22, 2013) (finding, in a case filed in 2011, "that the $184.32 per hour rate [was] reasonable

in light of the increase in the cost of living since enactment of the $125 statutory rate guideline in 1996").

Based on the present record, the Court concludes that Plaintiff is entitled to a cost of living upward adjustment from the EAJA statutorily established maximum hourly rate of $125.00 for attorney's fees awards. The Court further concludes that the requested $209.00 per hour rate is reasonable in light of the significant increase in the Consumer Price Index since the original 1996 enactment of the $125.00 statutory rate guideline.

Accordingly, and in light of the agreement of the parties, the Court finds that the hourly rate requested is not excessive, and that the reasonable hourly rate for which Plaintiff may seek attorney's fees under the EAJA in the present case is $209.00 per hour.

### C. Amount of the Attorney's Fees Award

As discussed above, the Court concludes that 50.2 hours were reasonably expended by Plaintiff's counsel in the present case. The reasonable hourly rate to be used in calculating that award is $209.00 per hour. Applying the reasonable hourly rate to the hours that may be used in calculating the attorney's fees to which Plaintiff is entitled produces a fee award of $10,491.80.[7]

## IV.   Conclusion

For the reasons set forth above, and based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.   Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, [Docket No. 39], be **GRANTED in part and DENIED in part**;[8]

---

[7] The undersigned recommends this award be made payable to Plaintiff as opposed to Plaintiff's counsel in accordance with <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010).

[8] To the extent Plaintiff's Motion seeks an award of damages for the hours corresponding to the acknowledged clerical error, the undersigned recommends that Plaintiff's Motion, [Docket No. 39], be denied.

2. Plaintiff be awarded attorney's fees in the amount of $10,491.80, pursuant to the Equal Access to Justice Act, as more fully discussed above; and

3. This award be found to fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the Equal Access to Justice Act.

Date: April 6, 2022

s/Leo I. Brisbois
Hon. Leo I. Brisbois
U.S. Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).